IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY L. ABRAHAM, Special Administrator, Deceased, | ) ) ) | 8:08CV151 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| MICHELLE J. JORDAN, et al., | ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on April 8, 2008.  (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 3.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I.      SUMMARY OF COMPLAINT

        Plaintiff Gary L. Abraham filed his Complaint on behalf of the Estate of Ruth Britt ("Decedent") against Michelle J. Jordan ("Defendant") on April 8, 2008. (Filing No. 1 at CM/ECF p. 1.)  Plaintiff alleges that the Decedent was a resident of Omaha, Nebraska, and that the Defendant is a resident of Council Bluffs, Iowa. (*Id.*)  Plaintiff alleges that Defendant rear ended the Decedent's car on April 9, 2006, and that this incident contributed to the Decedent's death. (*Id.* at CM/ECF pp. 1-2.)  Plaintiff requests wrongful death and personal injury damages. (*Id.* at CM/ECF p. 2.)  Plaintiff also requests damages for medical bills, funeral costs, and other expenses.  In sum, plaintiff requests damages in the amount of "$ 40,000+, general damages." (*Id.*)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Therefore, where a pro se plaintiff proceeding in forma pauperis does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

A pro se complaint should be construed liberally.  *See Burke v. North Dakota Dep't of Corrections & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).  However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law.  *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006).  "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."  *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

## III.    DISCUSSION OF CLAIMS

Plaintiff seeks wrongful death and personal injury damages on behalf of the Decedent's estate in the amount of "$ 40,000+, general damages."  (Filing No. 1 at CM/ECF p. 2.)   As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, Plaintiff does not assert a right or remedy under a federal statute, but only asserts claims under state law. Therefore, the court lacks federal question jurisdiction.

However, subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir.1994) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

Here, Plaintiff alleges that the Decedent and Defendant are citizens of different states. In addition, Plaintiff requests damages in the amount of "$ 40,000+, general damages" and funeral expenses in the amount of $5,000.00. (Filing No. 1 at CM/ECF p. 2.) On its face, the court cannot say with "legal certainty" that the amount in controversy is less than $75,000.00 because the amount of "general damages" is unclear. At this stage of the proceedings, the court finds that it has diversity of citizenship jurisdiction over Plaintiff's claims.

However, the court notes that Plaintiff is an estate administrator. (Filing No. 1 at CM/ECF p. 1.) An estate administrator who is not the sole beneficiary of the estate  engages in the unauthorized practice of law if he or she represents the estate

3

as a pro se plaintiff.  *See, e.g., Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1994)* ("We now hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); *see also Waite v. Carpenter, 496 N.W.2d 1 (Neb. Ct. App. 1992)*.  Therefore, the court cannot permit Plaintiff to proceed pro se without proof that he is the sole beneficiary and creditor of the estate.  On its own motion, the court will permit Plaintiff 30 days in which to submit an affidavit that proves he is the sole beneficiary and creditor of the estate.  In the alternative, Plaintiff may obtain counsel.  If Plaintiff fails to file such an affidavit in accordance with this Memorandum and Order, or fails to retain counsel, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have until **July 7, 2008** to submit an affidavit that proves he is the sole beneficiary and creditor of the estate.  Alternatively, Plaintiff may retain counsel.  If Plaintiff fails to file such an affidavit, or fails to retain counsel, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

2.     The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for sole beneficiary of estate affidavit or counsel appearance on **July 7, 2008** and dismiss if not filed.

June 4, 2008.                              BY THE COURT:


                                           s/ Joseph F. Bataillon
                                           Chief United States District Judge

4