IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY L. ABRAHAM, Special Administrator, Deceased, | ) ) ) | 8:08CV151 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| MICHELLE J. JORDAN, and WHOMEVER MAY COME TO LIGHT DURING DISCOVERY IN THIS COMPLAINT, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel and Motion for Reconsideration. (Filing No. 8.) In his Motion, Plaintiff requests the appointment of counsel and describes his efforts in attempting to obtain counsel. (*Id.*) As set forth in the court's previous order, an estate administrator who is not the sole beneficiary of the estate engages in the unauthorized practice of law if he or she represents the estate as a pro se plaintiff. *See, e.g.,* Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1994) ("We now hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); *see also* Waite v. Carpenter, 496 N.W.2d 1 (Neb. Ct. App. 1992). It is clear from Plaintiff's Motion that he is not the sole beneficiary of the estate and therefore may proceed in this action only through counsel.

However, the court cannot routinely appoint counsel in civil cases. In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the

plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's Motion to Appoint Counsel is denied. However, on the court's own motion, Plaintiff will be permitted an additional 60 days to obtain counsel. If Plaintiff fails to retain counsel, this matter will be dismissed without prejudice for failure to state a claim upon which may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **September 8, 2008** to retain counsel. If Plaintiff fails to retain counsel, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for appearance by counsel on **September 8, 2008** and dismiss if not filed.

July 9, 2008.                             BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Chief United States District Judge

2